1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERT MENDEZ CARABELLO, by Assignee[1] Mumina Rahman,<br><br>                                    Plaintiff,<br><br>v.<br><br>CORRECTIONS CORPORATION OF AMERICA,<br><br>                                    Defendant. | Case No.:  3:17-cv-00999-H-AGS<br><br>**ORDER:**<br>    **(1)DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF JURISDICTION, and**<br>    **(2)DENYING AS MOOT MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>[Doc. Nos. 1, 2] |

        Petitioner Gilbert Mendez Caraballo is a pretrial detainee in Cleveland Ohio. (Doc. No. 1 at 1.) On May 16, 2017, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Along with his petition, Petitioner paid the required $5 filing fee. On May 26, 2017, Petitioner filed a motion for leave to proceed in forma pauperis ("IFP").

---

[1] The case is brought by an assignee instead of by the Petitioner personally. (Doc. No. 1 at 1.) It does not appear that the assignee is an attorney. The petition and the motion are both signed by the assignee and not by the Petitioner himself. (Doc. No. 1 at 8, Doc. No. 2 at 2.) All motions and pleadings must be signed by either an attorney of record or the party personally. FED. R. CIV. P. 11. Thus, while the Court does not reach the issue, the Court would likely be required to strike the petition and the motion if the Court had jurisdiction over this matter. See id.; Ashker v. Rowland, 955 F.2d 47 (9th Cir. 1992).

1

(Doc. No. 2.) For the reasons below, the Court dismisses the habeas petition for lack of jurisdiction and denies the IFP motion as moot.

## **Background**

Petitioner Gilbert Mendez Caraballo is a pretrial detainee in Cleveland Ohio. (Doc. No. 1 at 1.) On February 11, 2015, an arrest warrant was issued for Petitioner in the Northern District of Ohio. (3:16-mj-00791-NLS, Doc. No. 1 at 2.) Petitioner was indicted for conspiracy to possess with intent to distribute and to distribute cocaine in violation of 21 USC §§ 846, 841 (a)(1), (b)(1)(A), (b)(1)(B), (b)(1)(C), and use of a telephone to facilitate drug trafficking in violation of 21 USC § 843(b). (Id.) Petitioner was arrested in March 2016, and he made an initial appearance before a magistrate judge in the Southern District of California. (3:16-mj-00791-NLS, Doc. No. 3.)

While in the Southern District of California, Petitioner signed a waiver of his right to an identity hearing and production of the warrant pursuant to Rule 5 and 5.1 of the Federal Rules of Criminal Procedure. (3:16-mj-00791-NLS-1, Doc. No. 9.) Petitioner also waived his right to a detention hearing. (Id.) Petitioner's attorney also signed the waiver. (Id.) Based on the waiver, the magistrate judge ordered Petitioner detained without prejudice. (3:16-mj-00791-NLS-1, Doc. No. 7.) The magistrate then signed a warrant of removal, commanding the United States Marshal to deliver Petitioner to the Northern District of Ohio. (3:16-mj-00791-NLS-1, Doc. No. 10.)

Petitioner now challenges the magistrate judge's order detaining petitioner without prejudice. (Doc. No. 1 at 2.)

## **Discussion**

**I.     Jurisdiction**

Generally, a prisoner files a petition for writ of habeas corpus pursuant to § 2241 in order to "challenge the manner, location, or conditions of a sentence's execution." Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000). Therefore, a prisoner "may bring a § 2241 habeas petition only in the district court that has personal jurisdiction over his current custodian." Dohrmann, 36 F. App'x at 881; see also Hernandez v. Campbell,

204 F.3d 861, 865 (9th Cir. 2000) ("a habeas petition filed pursuant to § 2241 must be heard in the custodial court"). "A custodian 'is the person having a day-to-day control over the prisoner. That person is the only one who can produce 'the body' of the petitioner.'" <u>Brittingham</u>, 982 F.2d at 379 (internal citation omitted).

Here, Petitioner was already in custody in the Northern District of Ohio when he filed his petition. (Doc. No. 1 at 1; <u>see also</u> 3:16-mj-00791-NLS-1, Doc. No.10.) Thus, the Northern District of Ohio is the district that has personal jurisdiction over Petitioner's "current custodian." <u>See</u> <u>Dohrman</u>, 36 F. App'x at 881-82. It does not matter that Petitioner was previously in custody in the Southern District of California. What matters is which district had custody of Petitioner when he filed his petition. For example, in <u>Dohrman</u> a petitioner filed a § 2241 petition while on supervised release. <u>Id.</u> The Ninth Circuit explained that the relevant custodian would be the petitioner's supervised release administrator for the district in which the petitioner resided when the petition was filed. <u>Id.</u> The court explained that if the petitioner were to move to a different district, then the new district would obtain jurisdiction over any petition filed while the petitioner was living in the new district. <u>Id.</u>

Because this Court is not Petitioner's custodial court for purposes of his petition, this Court does not have jurisdiction over the petition. <u>See</u> <u>Davis v. Quintana</u>, No. 10-CV-1419 MMA AJB, 2011 WL 181740 (S.D. Cal. Jan. 18, 2011) (dismissing § 2241 petition because it was filed with a court that was not in the custodial district).

When a "court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed or noticed." 28 U.S.C. § 1631. Thus, the Court is obligated to transfer this action to the custodial district if it is in the interest of justice to do so. But transfer is "improper where the plaintiff fails to make a prima facie showing of a right to relief, because the interests of justice would not be served by transfer of such a case." <u>Clark v. Busey</u>, 959 F.2d 808, 812 (9th Cir. 1992) (citing <u>Ferris v. Department of the Navy</u>, 810 F.2d 1121, 1123 (Fed. Cir.1987).

The petition challenges an order by a magistrate judge. (Doc. No. 1 at 2.) The order states that Petitioner agreed to waive his right to a detention hearing, stipulating to his detention. (3:16-mj-00791-NLS-1, Doc. No. 7.) The record supports the order—Petitioner and his attorney both signed a form by which Petitioner waived his right to a detention hearing. (Id., Doc. No. 9.) Based on this waiver, the magistrate judge ordered Petitioner detained without prejudice. (Id., Doc. No. 7.) But because Petitioner's detention is without prejudice, his habeas petition is premature. He is free to raise the issue of his detention in his current custodial court. Petitioner's habeas petition therefore fails to make a prima facie showing of a right to relief. Accordingly, the Court declines to transfer the petition and instead dismisses it for lack of jurisdiction.

## II.  Motion to Proceed In Forma Pauperis

Petitioner filed a motion to proceed IFP. (Doc. No. 2.) Pursuant to 28 U.S.C. § 1915(a), a court may authorize the commencement of a suit without prepayment of fees if the plaintiff submits an affidavit, including a statement of all his assets, showing that he is unable to pay filing fees. 28 U.S.C. § 1915(a). However, given that the Court does not have jurisdiction over this action, the Court denies the motion to proceed IFP as moot.[2]

## Conclusion

For the reasons above, the Court dismisses the petition for a writ of habeas corpus for lack of jurisdiction and denies the motion to proceed IFP as moot.

**IT IS SO ORDERED.**

DATED: May 31, 2017

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

---

[2] The Court would deny the motion to proceed IFP even if it was not moot. Petitioner submitted a statement of his assets that included a number of bonds. (Doc. No. 2 at 2.) Petitioner failed to state the value of those bonds; therefore, he has not demonstrated an inability to pay a $5 filing fee.

3:17-cv-00999-H-AGS